**Joseph P. ZAIDAN**

v.

**BORG–WARNER CORPORATION.**

**Civ. A. No. 31713.**

United States District Court
E. D. Pennsylvania.

April 24, 1964.

George Gershenfeld, Philadelphia, Pa., for plaintiff.

Montgomery, McCracken, Walker & Rhoads, by Joseph W. Swain, Jr., Bruce B. Wilson, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The plaintiff, Joseph P. Zaidan (Zaidan), in this action is seeking damages from the defendant, Borg-Warner Corporation (Borg-Warner), for breach of an alleged confidential relationship existing between the parties and for breach of a contract to pay royalties under a written Option and License Agreement dated December 11, 1956.

Zaidan presented to Borg-Warner what he claimed to be a disclosure of an improvement in a movable shelf for a refrigerator and requested Borg-Warner to examine his idea and consider it for the purpose of manufacture and sale. On November 26, 1956, Zaidan executed a written "Application for Examination of Invention and Record of Disclosure." This application states in part that it is "* * * particularly understood that no confidential relationship shall be deemed to exist between myself and said Corporation because of my having made such disclosure."

On December 11, 1956 the parties entered into an Option and License Agreement. This Agreement is in two parts, the first of which is entitled "Option and License," and the second, "Exclusive

License and Agreement." Under the first paragraph of the Option and License Agreement, Zaidan granted to Borg-Warner an option to enter into an Exclusive License and Agreement.

Under paragraph six of the Option and License Agreement, Zaidan agreed that Borg-Warner should not be liable to him for any breach of a confidential relationship allegedly arising from the disclosure pursuant to this agreement or to the Exclusive License and Agreement or for any other purpose.

On March 8, 1957, Borg-Warner notified Zaidan in writing of its election to exercise the option effective as of March 11, 1957. A $5,000.00 check for advance minimum royalties for the royalty year March 11, 1957, to March 10, 1958, accompanied this notice which Zaidan admittedly received.

Under paragraph C.2 of the Exclusive License and Agreement, Borg-Warner was given the unqualified right to cancel or surrender the agreement at any time during its continuance by giving Zaidan 60 days' notice in writing. At the expiration of 60 days the agreement was to terminate.

On November 5, 1957, Borg-Warner sent to Zaidan by registered mail notice of termination of the Exclusive License and Agreement in accordance with paragraph C.2. Under this paragraph the termination was effective not later than January 6, 1958.

During the period between December 10, 1957 and January 6, 1958, Borg-Warner manufactured 1693 refrigerators containing two pivoted removable shelves of a single pivot design, or a total of 3386 pivoted removable shelves. Not all of these 1693 refrigerators were sold prior to January 6, 1958.

On November 25, 1958, United States Patent No. 2,861,860 entitled "Pivoted Removable Shelf and Mounting Therefor" was issued to Zaidan on Application SN633,946.

Borg-Warner was obligated under Schedule B of the Exclusive License and Agreement to pay to Zaidan a maximum royalty of twenty cents per unit on products which contain or embody any invention covered by any of the claims in the aforesaid application or patent.

It is assumed for purposes of this motion for summary judgment that the shelves contained in the 1693 refrigerators manufactured by Borg-Warner between December 10, 1957 and January 6, 1958 were of a type upon which a royalty was payable under the agreements. It is also assumed for purposes of this motion, by the defendant, that all of the refrigerators were sold prior to January 6, 1958, the termination date of the Exclusive License and Agreement.

None of these facts are controverted by the plaintiff. It is the plaintiff's position that whether the relationship is called confidential or non-confidential is immaterial. The plaintiff contends that there has been a breach of this relationship and further that there has been no cancellation in *good faith* of the agreement between the parties and that therefore the defendant is liable for any breach thereof.

Borg-Warner has moved for summary judgment because the parties specifically agreed that no such confidential relationship should arise between them. Furthermore, defendant has paid to the plaintiff an advance minimum royalty which far exceeds any earned royalties which might allegedly be due the plaintiff for the period in which the agreement between the parties was in force.

Under Rule 56, Summary Judgment may be granted " * * * if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Under the various agreements executed by the parties giving rise to this litigation, it has been unequivocally established that Zaidan specifically con-

tracted against the creation of any confidential relationship between himself and Borg-Warner. The effect of such an agreement is to negate the existence of any possible confidential relationship, thereby precluding liability as a matter of law. Van Rensselaer v. General Motors Corp., 223 F.Supp. 323 (D.C.1962), aff'd 324 F.2d 354 (6 Cir. 1963).

The contract also gave Borg-Warner the right to terminate the agreement by giving sixty days' notice in writing of its desire or intention to do so. In accordance with this provision Borg-Warner, on November 5, 1957, mailed to Zaidan written notice of the termination of the Exclusive License and Agreement. As a result of this notice, the agreement was terminated sixty days after November 5, 1957, or January 6, 1958.

The right to cancel the agreement was absolute and the motives of Borg-Warner in cancelling the agreement are irrelevant to the question of whether the termination was effective. Kraus v. General Motors, 120 F.2d 109 (2 Cir. 1941); Stimpson Computing Scale Co. v. W. F. Stimpson Co., 104 F. 893 (6 Cir. 1900).

Zaidan is entitled to royalties on any products of the type covered by the agreement which were produced during the period of the agreement and prior to its termination on January 6, 1958. It is uncontroverted that Borg-Warner manufactured 1693 refrigerators which contained removable shelves of the type covered by the agreement upon which a maximum royalty of twenty cents per refrigerator was due. Assuming this to be true, Zaidan could recover a total sum of $338.60 as royalties on these 1693 refrigerators. It is an admitted fact that Zaidan had already received $5,000.00 for the license year March 11, 1957, to March 10, 1958. This advance minimum royalty paid to Zaidan far exceeds any earned royalty to which he may have been entitled under Schedule B of Exhibit I to the Option and License Agreement. Any liability for manufacture and sale of the pivoted shelves after January 6, 1958, could only be recovered in a claim for patent infringement which is not involved in this action.

Defendant is therefore entitled to Summary Judgment.